Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000509
17-SEP-2014
08:57 AM

NO. CAAP-11-0000509

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANGELA DAVIS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTC-10-092143)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Angela Davis (Davis) appeals from the May 31, 2011 adverse judgment entered in favor of the State of Hawai'i (State) on the citation for the traffic infraction of leaving the scene of an accident involving damage to a vehicle or property in violation of Hawaii Revised Statutes (HRS) § 291C-13 (Supp. 2013) by the District Court of the First Circuit, Honolulu Division (District Court).[1]

On appeal, Davis argues that the District Court erred because: (1) there was insufficient evidence to support the verdict; (2) there was a lack of probable cause supporting the issuance of the citation; and (3) that the "acts of the Prosecutor resulted in an unfair and prejudicial result at trial."

---

[1] The Honorable Michael A. Marr presided.

After a careful review of the issues raised,[2] the arguments made by the parties, the record, and the applicable authority, we resolve Davis's issues as follows and affirm.

1.    There was substantial evidence to support the judgment.  On appeal, the evidence is reviewed in the light most favorable to the prosecution.  State v. Matavale, 115 Hawai'i 149, 157, 166 P.3d 322, 330 (2007).  "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact."  Id. at 157-58, 166 P.3d at 330-31  "[A]s trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence."  Id. at 158, 166 P.3d at 331.  "An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge."  Porter v. Hu, 116 Hawai'i 42, 60, 169 P.3d 994, 1012 (App. 2007) (quoting State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996)).

The statute in question, HRS § 291C-13, required, in pertinent part, that:

> The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14.

The District Court relied on the testimony of the complaining witness (CW), who testified that she was in her gray Acura TL waiting for the car in front of her to move forward when she was struck from behind by a black Chrysler van, driven by

---

[2]    We note that Davis's "statement of points in error" do not comply with the requirements of Hawai'i Rules of Appellate Procedure Rule 28(b)(4), and on this basis alone we could disregard them.  Id.  However, we address Davis's points on the merits in keeping with our policy to address appeals on the merits, where possible.  Counsel is warned that future noncompliance with our rules could result in sanctions.

Davis. After she heard and felt the impact, CW testified that she observed the van "trying to reverse and try[ing] to maneuver around[]" to the left of her vehicle. CW then got out of her car and "waved [at Davis] to roll down her window." Davis responded by making hand gestures back at CW, but departed the scene without stopping, getting out of her vehicle, or talking to CW. The CW testified that she observed a scratch on her rear bumper after the collision. Based on this testimony, there was substantial evidence supporting the judgment in favor of the State.

2. Davis's argument, brought for the first time on appeal, that there was no probable cause to issue the citation in this case, is moot. Davis did not move to dismiss the citation prior to trial and the District Court entered judgment against Davis based on its determination that the State proved its case beyond a reasonable doubt. "[A]bsent unusual circumstances, any defects in a pretrial determination of probable cause are rendered moot, or are without any effective remedy, . . . by a subsequent conviction." In re Doe, 102 Hawaiʻi 75, 78, 73 P.3d 29, 32 (2003) (challenging the family court's determination of probable cause to support detention of the subject minors).

3. Davis's argument that the judgment against her should be reversed for misconduct by the prosecutors office, claiming that the issuance of the citation and the subsequent events leading up to the trial were "prejudicial, unfair, and grounds for reversal" is without merit. Davis does not provide citations to the record where substantiation or preservation of these complaints can be found, describe how she was prejudiced by the described conduct, nor point to authority for her apparent position that the complained-of conduct is a basis for reversal. Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516, 518 (1967) ("the burden of showing error is on the plaintiffs in error. We necessarily approach a case with the assumption that no error has been committed upon the trial and until this assumption has been overcome by a positive showing the

3

prevailing party is entitled to an affirmance." (citations and internal quotation marks omitted)).

Therefore, the May 31, 2011 Judgment entered by the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:   Honolulu, Hawaiʻi, September 17, 2014.

On the briefs:

P. Adam Davis,
for Defendant-Appellant.

Presiding Judge

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge